countries, not immediately adjoining the United States. The 7th section was intended to apply to those who brought them in from Florida or Mexico. This, I think, is the difference between them as to the character of the offence. This construction brings the whole law within the constitutional limits of the power of congress. But even if this construction of the law is not correct, and that contended for by the district attorney is correct, still the indictment cannot be sustained under the 7th section. The offence created by it is not a common law offence. It is purely a statutory offence, created by that section of the act.

It is an established rule of criminal law, that if a statute creates an offence, and by the same clause prescribes a particular mode of proceeding, otherwise than by indictment, to enforce the penalty, the mode of procedure prescribed by the statute must be followed and an indictment cannot be maintained. Whart. Am. Cr. Law, § 10; 2 Burrows, 805; 1 Archb. Cr. Prac. & Pl. 2; 6 Humph. 17;. 7 Spear, 305; 12 Ill. 235; 3 Ala. 375. The penalty prescribed by the seventh section for a violation of its provisions, is a forfeiture of one thousand dollars for each negro, "one moiety to the use of the United States, and the other to the use of the person or persons who may sue for such forfeiture, and prosecute the same to effect." The mode of procedure thus prescribed, for imposing the penalty, is not by indictment, or any other criminal procedure, but a civil suit, well known as a qui tam action. Upon this ground, also, the indictment cannot be supported.

It is unnecessary to examine the other more technical objections to the indictment. For the reasons stated, the demurrer to the indictment is sustained, and there must be a judgment for the defendant.

---

## Case No. 15,240.

### UNITED STATES v. GOURE.

[4 Cranch, C. C. 488.] [1]

Circuit Court, District of Columbia. Nov. Term, 1834.

RESISTING OFFICER — ARREST WITHOUT WARRANT — OFFICIAL DUTY.

A constable is not in the discharge of his official duty when searching for a man, (who is represented to him as, and whom he believes to be, a loose and disorderly person without visible means of livelihood, a night-walker and frequenter of bawdy-houses, and a keeper of false keys,) with intent to arrest him without a warrant, and carry him before a justice of the peace to be dealt with according to law; and it is not an indictable offence to threaten to kill the constable if he should attempt to arrest him.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The defendant [John Goure] was convicted upon the following indictment: "District of Columbia, Washington County, to wit: The jurors of the United States for the county aforesaid upon their oath present: That Richard R. Burr and Lambert S. Beck, being constables of the county aforesaid duly appointed and qualified, and acting in their said office as conservators of the peace of said county, upon information duly and lawfully to them made and given, that a certain John Goure, late of Washington county, yeoman, was a loose and disorderly person without any visible means of livelihood, a night-walker and frequenter of bawdy-houses, and a keeper of false keys, and knowing and believing the said information to be true, did thereupon, in the discharge of the duties of their said office, on the 13th of December, 1834, at the county aforesaid, proceed to search for the said John Goure, in order to arrest him by virtue of their said office and take him before a justice of the peace of said county to be dealt with according to law. And the said John Goure, well knowing the premises, and being such loose and disorderly person without any visible means of livelihood, and a night-walker. and frequenter of bawdy-houses, and a keeper of false keys, as aforesaid, and as such well knowing that he was liable to arrest as aforesaid, to be dealt with according to law; and intending to intimidate the said Burr and Beck, and to prevent them from the discharge of their duty as aforesaid. and to hinder and obstruct them in the discharge of their said duty in searching for and arresting said Goure, on the day and year aforesaid, with force and arms at the county aforesaid, did threaten to kill the said Burr and the said Beck if they should attempt to discharge their said duty in searching for and arresting the said Goure: to the disturbance of the peace, and the obstruction of public justice, and against the peace and government of the United States."

Mr. Bryce and Mr. Brent, moved in arrest of judgment, and contended that the constables were not in the discharge of their official duty in searching for a supposed offender without a warrant; and cited 2 Hawk. P. C. c. 12, § 18; Id. c. 13, § 7; 4 Bl. Comm. c. 10, § 3; 1 Burn. J. P. 103; 1 Chit. Cr. Law, 14, 20–22, 24.

Mr. Bradley, for the United States, cited the Maryland law of 1715, c. 15, § 1 [1 Dorsey's Laws Md. p. 8], for the oath of a constable; and the by-law of the corporation of Washington (Rothwell. 64).

THE COURT (THRUSTON, Circuit Judge, contra, and CRANCH, Chief Judge. doubting,) arrested the judgment, the officers not appearing to be in the discharge of their official duty in searching for the man to arrest him without a warrant.